IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daryl Coston, et al.,            )
                                 )
            Plaintiffs,          ) Case No. 1:05-CV-125
                                 )
    vs.                          )
                                 )
Jim Petro, et al.,               )
                                 )
            Defendants.          )

O R D E R

This matter is before the Court on the motion to dismiss filed by Defendants Joseph Deters and Simon Leis (Doc. No. 9). For the reasons that follow, Defendants' motion to dismiss is **MOOT**.

As it pertains to Defendants Deters and Leis, the first amended complaint (Doc. No. 6) alleged that these Defendants were violating Plaintiff Daryl Coston's constitutional rights because they refused to allow him to register as sex offender because his address was within 1,000 feet of a school in violation of Ohio Rev. Code § 2950.031. The complaint also alleged other constitutional violations regarding § 2950.031. The first amended complaint admits that Defendant Leis voluntarily ceased the practice of refusing to allow sex offenders to register an address which is located within 1,000 feet of a school. Doc. No. 6, ¶ 12. Defendants Deters and Leis moved to dismiss the first amended complaint on the grounds of standing and mootness. See Doc. No. 9. Defendants' standing and mootness arguments were

based on the fact that they changed the policy in which they prohibited sex offenders living within 1,000 feet of a school from registering as sex offenders.  See id. at 2.

The case has evolved, however, from the filing of these early pleadings.  Plaintiffs voluntarily dismissed Defendant Leis on May 2, 2005.  Doc. No. 43.  Additionally, Plaintiffs have filed a consolidated class action complaint (Doc. No. 52) which drops the claim regarding refusal to allow Plaintiff Coston to register as a sex offender.  Instead, the class action complaint alleges that § 2950.031 is unconstitutional on a variety of grounds.  Defendant Deters is named on the class action complaint as party responsible for enforcing § 2950.031.  Id. ¶ 10.

The general rule is that an amended complaint supersedes the original complaint and remains in effect, unless again modified, from that point forward.  6 Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1476, at 556-57 (2nd ed. 1990 & Supp. 2005).  Thus, the filing of an amended complaint moots any motion to dismiss the complaint that preceded it.  Id.  Here, because the Court granted Plaintiffs permission to file an amended complaint, Defendants' present motion to dismiss is addressed to a complaint that is now without effect.

Accordingly, Defendants' motion to dismiss is **MOOT.**

 **IT IS SO ORDERED**

Date July 8, 2005       s/Sandra S. Beckwith
            Sandra S. Beckwith, Chief Judge
             United States District Court